## AFFIDAVIT

I, MATTHEW EKSTROM, having been duly sworn, depose and state:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed for approximately nine years. Prior to my employment with ATF, I was an agent with the United States Border Patrol for approximately four years. In my capacity as an ATF Special Agent, I am familiar with the federal laws relating to firearm and controlled substance violations.

2. I set forth the following facts as probable cause to believe that Kareem CAMPBELL has committed the offense of knowingly possessing a firearm in furtherance of a narcotics trafficking crime, in violation of 18 U.S.C. § 924(c). The facts set forth below are either known to me personally or have been related to me by persons having direct knowledge of the events giving rise to this Criminal Complaint. This affidavit is intended to set forth probable cause and does not include every fact known to law enforcement about the events described below.

3. Between January 19, 2012 and January 31, 2012, the Burlington, Vermont Police Department (BPD) conducted an investigation into the narcotics trafficking activities of CAMPBELL in the Winooski, Vermont area. During this time period, BPD completed four controlled buys of narcotics from CAMPBELL using a BPD confidential informant (CI). I have reviewed the BPD reports and have spoken with BPD Detective Shawn Burke concerning this investigation.

4. During one law enforcement controlled purchase of narcotics from CAMPBELL, CAMPBELL expressed a desire to obtain a firearm from the CI. CAMPBELL made reference to

a firearm the CI arranged for CAMPBELL to purchase from an associate of the CI several years prior. Detective Burke and I interviewed the CI who stated that in approximately late 2009 or early 2010 the CI arranged for CAMPBELL to purchase a firearm from an associate for narcotics and cash.

5. On March 9, 2012, BPD and ATF Agents executed a law enforcement controlled meeting between the CI and CAMPBELL in Winooski, Vermont. Prior to this meeting, the Agents provided a firearm, namely a .40 caliber Glock model 22 pistol, serial number BDT961US, to the CI, which he/she gave to CAMPBELL in exchange for fifty dollars and 5.3 grams of cocaine base (weighed with packaging). This meeting was audio-recorded. ATF and BPD arrested CAMPBELL shortly after the exchange of the cash and narcotics for the firearm.

6. ATF and BPD law enforcement agents surveilled this meeting and observed the CI and CAMPBELL meet on West Canal Street in Winooski. I listened to an audio transmission of this meeting as it was taking place. As I listened to the audio transmission of CAMPBELL and the CI, I was advised by surveillance units of their visual observations of this meeting. While listening to the audio transmission, I heard CAMPBELL and the CI negotiate an exchange of narcotics and cash for the purchase of the firearm. Law enforcement arrested CAMPBELL moments after the CI exited CAMPBELL's vehicle. Law enforcement recovered the Glock .40 caliber pistol inside CAMPBELL's vehicle. The CI was under physical surveillance from the time ATF provided him the firearm through a meeting with agents shortly after the controlled transaction. Agents searched the CI and his/her vehicle at the time surveillance began, finding no controlled substances, and searched him again at the post-transaction meeting. ATF agents recovered the narcotics and the cash from the CI immediately after the arrest of CAMPBELL.

7.     CAMPBELL was transported to BPD. Law enforcement advised CAMPBELL of his *Miranda* rights, which CAMPBELL stated he understood. CAMPBELL then expressed his desire to speak with law enforcement. During an interview with Detective Burke and me, CAMPBELL stated he had agreed to meet the CI in Winooski, Vermont on March 9, 2012. CAMPBELL stated that he met with the CI in CAMPBELL's vehicle on West Canal Street in Winooski. CAMPBELL stated the CI showed him a Glock pistol which the CI was attempting to sell. CAMPBELL stated they negotiated and eventually agreed on cash and narcotics for the sale of the firearm. CAMPBELL stated his fingerprints would be on the firearm as he touched the firearm. CAMPBELL stated he wanted to purchase the firearm for protection as he has been told by associates of his that there are people in the Winooski area looking to harm him because of his association with several females from the area. Also during the interview, CAMPBELL stated that he had been dealing cocaine since his release from jail in June. CAMPBELL stated that it was his practice to acquire a half-ounce of cocaine at a time for re-sale in Vermont.

8.     Using a narcotics analysis reagent kit, ATF Special Agents later field-tested the suspected narcotics obtained by the CI from CAMPBELL in exchange for the .40 caliber Glock pistol. The field test indicated the presence of cocaine.

Based on the foregoing, I believe that there is probable cause to believe that CAMPBELL violated 18 U.S.C. § 924(c) by possessing the Glock pistol in furtherance of his distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1).

Dated at Burlington, in the District of Vermont, this 10th day of March 2012.

---
Matthew J. Ekstrom
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives


Sworn to and subscribed before me this 10th day of March 2012.

---
John M. Conroy
United States Magistrate Judge